## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## AT MEMPHIS

**WEST STONE WORKS CO., INC.**
**d/b/a WEST MEMORIALS,**

    **Plaintiff,**

**v.**                                                                  **No.**
                                                      **JURY DEMAND**

**FORT WORTH MONUMENT, INC.**

    **Defendant.**

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff West Stone Works Co., Inc. d/b/a West Memorials brings this Complaint for copyright infringement against Fort Worth Monument, Inc., pursuant to the United States Copyright Act of 1976, 17 U.S.C. § 501, *et seq.*, and states as follows:

### PARTIES

1.    Plaintiff West Stone Works Co., Inc. d/b/a West Memorials ("West") is a corporation organized under the laws of the State of Tennessee with its principal place of business in Shelby County, Tennessee.

2.    Defendant Fort Worth Monument, Inc. ("Fort Worth") is a corporation with its principal place of business located in Tarrant County, Texas. Fort Worth may be served via service upon its registered agent for service of process, James A. Ramsey, 5811 Jacksboro Highway, Fort Worth, TX 76114.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over West's claims for copyright infringement and related claims pursuant to 17 U.S.C. § 501, 28 U.S.C. § 1331 and § 1338(a).

4. Defendant is subject to specific in personam jurisdiction in the courts of this state as Defendant has knowingly infringed upon copyrights owned by Plaintiff in this judicial district.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1400 because a substantial part of the events giving rise to the claim occurred in this District and because Defendant has a sufficient connection with this District to make venue proper in this District, as alleged in this Complaint.

**STATEMENT OF FACTS**

6. West is in the business of designing and selling memorials, including monuments, headstones, statues, and civic and war memorials. West provides custom designs individually tailored to each customer.

7. West takes great effort to protect its custom designs, including by routinely registering its designs with the U.S. Copyright Office.

8. Fort Worth is a retail seller of monuments in the Fort Worth, Texas, area.

9. In 2013, West designed and had constructed a memorial it identified as the "Goebel Monument." West registered that memorial with the United States Copyright Office in 2019, with a registration number of VAu001359582. A copy of this copyright registration is attached hereto as **Exhibit A**. A photograph of the Goebel Monument is attached hereto as **Exhibit B**.

10. West has become aware that Fort Worth created, imported, and sold exact at least one exact replica of the Goebel Monument.

11. In conducting a search of Fort Worth's works, West discovered the photograph attached hereto as **Exhibit C**, depicting an exact replica of the Goebel Monument which Fort Worth created, imported, and sold.

## CAUSE OF ACTION
### (Copyright Infringement – Goebel Monument)

12. Plaintiff repeats and re-alleges the foregoing allegations as if set forth fully herein.

13. West owns a valid registered copyright in the Goebel Monument.

14. Defendant infringed upon West's copyright by copying, reproducing, and distributing infringing materials in the United States of America without approval or authorization from West.

15. Specifically, Defendant infringed upon West's copyrights in and to the Goebel Monument by manufacturing and distributing an exact replica of the work, as evidenced in **Exhibit C**.

16. Defendant further infringed upon West's copyright by advertising this design on the internet.

17. As a result of its wrongful conduct, Defendant is liable to West for copyright infringement pursuant to 17 U.S.C. § 501.

18. Defendant's acts were willful.

19. West has suffered damages as a result of Defendant's infringement. West is entitled to recover compensatory damages from Defendant, including lost profits on sales of West's exclusive proprietary and copyrighted design, and any and all profits Defendant has realized as a result of its wrongful conduct.

20. Defendant's infringement occurred after the registration of West's copyright in the Goebel Monument, and thus West is entitled to statutory damages, including the heightened statutory damages award for willful copyright infringement.

WHEREFORE, Plaintiff respectfully requests the following relief against Defendant:

1. An award of judgment determining that Defendant has infringed Plaintiff's rights in its federally registered copyright in violation of 17 U.S.C. § 501;

2. Compensatory damages;

3. Statutory damages, including attorney's fees, where applicable; and

4. Such other and further relief as the Court may deem equitable.

PLAINTIFF DEMANDS A JURY TO TRY ALL ISSUES PROPERLY PRESENTED TO A JURY.

Respectfully submitted,

**BURCH, PORTER & JOHNSON, PLLC**

*/s/ Taylor A. Cates*
Taylor A. Cates (BPR #20006)
130 N. Court Avenue
Memphis, TN  38103
(901) 524-5165
tacates@bpjlaw.com